FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 22 PM 2:53

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| LUTHER JAMES CLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 309-042 |
| | ) |
| DR. MARY ALSTON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. nos. 73, 74).[1, 2] The Magistrate Judge concluded that Plaintiff could not show deliberate indifference to his medical needs arising from Defendant's treatment of his diabetic condition and skin condition; the Magistrate Judge also found that Plaintiff could not show any injury caused by Defendant's allegedly inadequate treatment of these conditions. (See doc. no. 67.) As a result, the Magistrate Judge recommended that Defendant's motion for summary judgment be granted. (Id. at 12-13.)

---

[1] Following issuance of the R&R, Plaintiff requested, and was granted, an extension of time in which to file objections. (Doc. nos. 69, 70.) Plaintiff then filed a second motion to extend the deadline for objections, soon after which he timely filed his objections. Because of these circumstances, further enlargement of the objection period is not necessary; Plaintiff's second motion for an extension of time in which to file objections is therefore **MOOT**. (Doc. no. 71.)

[2] Defendant has filed a response to Plaintiff's objections, and Plaintiff has filed a reply. (Doc. nos. 75, 76.)

In his objections, Plaintiff states that Defendant made changes in the treatment of his diabetic condition that caused him to suffer a hypoglycemic episode, which resulted in a trip to the emergency room. (Doc. no. 73, p. 3.) According to Plaintiff, the fact that his episode required treatment from an outside facility shows that Defendant's "medical skills were less than the level needed to treat a diabetic person [such as Plaintiff]." (Id.) Plaintiff also emphasizes that he did not suffer any diabetic episodes prior to coming under Defendant's care and that his condition improved after Defendant left her position, following which he received care from a different doctor who reinstated the diabetes medication that Defendant had discontinued. (See doc. no. 74, pp. 4-5.) Finally, Defendant asserts that his deposition testimony, parts of which the Magistrate Judge relied upon in his R&R, should be "disregarded, discarded, and destroyed" because he did not have the aid of appointed counsel during the deposition and because he has a learning disability, as a result of which he "probably misunderstood the questions presented to him and gave mixed up information." (Doc. no. 73, p. 5.) Notably, Plaintiff points to no specific portion of his deposition testimony that is inaccurate, but rather seeks to discard the testimony its entirety because of his general complaints.

Upon consideration, the Court finds that Plaintiff's objections lack merit. First, Plaintiff has shown no valid basis for disregarding his deposition testimony. The Magistrate Judge properly denied his motion for appointment of counsel (doc. no. 13), which meant that Plaintiff was responsible for the obligations of maintaining this lawsuit, including discovery obligations such as providing testimony in a properly conducted deposition. Contrary to Plaintiff's self-serving allegation of giving "mixed up information," there is no indication
2

that his deposition testimony – including the portions of that testimony relied upon by the Magistrate Judge – resulted from misunderstanding the questions asked during the deposition.

Furthermore, as Defendant persuasively argues in her response to Plaintiff's objections, Plaintiff has offered at most a difference in medical opinion regarding the best course of treatment for his diabetes and skin condition, which is insufficient to demonstrate deliberate indifference to a serious medical need under the Eighth Amendment.[3] Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir.1989) (noting that a "simple difference in medical opinion" does not rise to the level of constitutional violation). Also, as explained in the R&R, even if Plaintiff had shown that Defendant erred in changing his treatment – which he has not – Defendant's conduct would still amount to nothing more than negligence, which is insufficient to establish deliberate indifference. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). Moreover, Plaintiff's objections do not call into question the Magistrate Judge's finding that Plaintiff has failed to present evidence showing an injury caused by Defendant's conduct,[4] which is a required element for a valid Eighth Amendment

---

[3] As noted by the Magistrate Judge, Plaintiff's claim that Defendant violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment by taking away his monthly allowance of Dove soap is completely bereft of merit. Of note, the Magistrate Judge assumed for the sake of argument, but did not find, that Plaintiff's skin condition gave rise to a serious medical need. (See doc. no. 67, pp. 11-12.)

[4] The only possible injury offered by Plaintiff was the hypoglycemic episode on December 11, 2008; however, Plaintiff has not shown any evidence suggesting the episode was caused by Defendant's actions. Indeed, the only evidence as to the causation of that occurrence is Defendant's statement that, in her opinion as a physician, the episode was not related to Plaintiff's diabetes and was most likely caused by dehydration. (Doc. no. 66-1, Alston Aff. ¶ 33.)

3

claim. See id.

In sum, Plaintiff has provided no basis for departing from the conclusions in the R&R; his objections are thus **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion for summary judgment is **GRANTED** (doc. no. 48), Plaintiff's motion to dismiss Defendant's motion for summary judgment is **DENIED** (doc. no. 52),[5] a final judgment shall be **ENTERED** in favor of Defendant, and this civil action shall be **CLOSED**.

SO ORDERED this 22nd day of September, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[5] As noted in the R&R, Plaintiff's motion to "dismiss" Defendant's motion for summary judgment consists of nothing more than an assertion that Defendant's motion should be denied in consideration of his response to the motion and other filings. (See doc. no. 52.) In conjunction with his objections, Plaintiff has filed a second motion to "dismiss" Defendant's motion for summary judgment, which is the same as his first motion in all material respects. (Doc. no. 72.) For the reasons set forth in the instant Order as well as the R&R, Plaintiff's second motion to dismiss Defendant's motion for summary judgment lacks merit, and is therefore **DENIED**.

4